UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIMOTHY TAGGART,

    Plaintiff,

v.                                                      Case No:   6:12-cv-1068-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER[1]

This matter comes before the Court on Plaintiff's Attorneys' Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b).  (Doc. 32).  Counsel for Plaintiff represents that Defendant's attorney has been contacted and has no objection to the requested relief.  (Id. ¶ 11). Upon due consideration, the motion is **GRANTED**, and Plaintiff's request for 406(b) fees in the amount of $24,580.25 is approved.

Plaintiff brought this action for judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration.  (Doc. 1).  On July 26, 2013, the Court reversed and remanded the Commissioner's final decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 26).  On July 29, 2013, the Clerk entered judgment accordingly.  (Docs. 27).  The Court subsequently entered an order granting Plaintiff $7,350.67 in attorneys' fees pursuant to the Equal Access to Justice Act

---

[1] The parties consented to have this case referred to the magistrate judge and on September 18, 2012, the district judge entered his order referring the case to the magistrate for all further proceedings including the entry of final judgment.  (Docs. 11-12).

("EAJA").  (Doc. 29).  Those fees were intercepted by the United States Department of the Treasury to pay a debt Plaintiff owed to the government.  (Doc. 32 at 2).

On remand, Plaintiff was awarded benefits including past due benefits in excess of $134,000.  (Doc. 32 ¶ 4; Doc. 32-2; Doc. 32-3; Doc. 32-4).  His agreement with his attorneys provides for a fee equal to 25% of any past due benefits awarded Plaintiff and his family, minus EAJA fees.  (Doc. 32-1).  Plaintiff's counsel now seeks a net award of $24,580.25, which is the amount that was withheld by the Defendant for the payment of attorneys' fees, minus the $7,350.67 previously awarded.[2]  See (Doc. 32).

An attorney who secures a favorable result for his or her client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  In capping the fee at twenty-five percent, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'"  Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002).  "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.

Here, the reasonableness of the 406(b) fee request, in light of the fee agreement and the ultimate award of past due benefits, is not in dispute.  See (Doc. 32 ¶ 11).  Therefore, the motion (Doc. 32) is **GRANTED** and counsel are awarded **section 406(b) fees in the amount of $24,580.25**, to be paid out of Plaintiff's past due benefits currently being withheld by Defendant.

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2014.

---

[2] See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271-74 (11th Cir. 2010).

- 3 -

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record